The only issue on appeal to the Full Commission is whether petitioner is entitled to receive compensation for time spent awaiting trial in the Wilson County jail. I agree with the Special Deputy Commissioner that petitioner is entitled to compensation for the 538 days during which he was held in the Wilson County jail.
Section 148-82 of the General Statutes of North Carolina provides for payment of compensation for erroneous conviction to "[a]ny person who, having been convicted of a felony and having been imprisoned therefor in a State prison of this State" and is then granted a pardon of innocence by the Governor. Section 148-83 of the General Statutes describes the hearing process and compensation payment procedures and provides that the claimant shall be paid $10,000 "for each year or the pro rata amount for the portion of each year of the imprisonment actually served. . . ."(Emphasis added.)
The phrase "of the imprisonment actually served" is not limited by the description of "imprisoned therefor in a State prison of this State" contained in Section 148-82. The General Assembly did not see fit to limit compensation to imprisonment actually served in a State Prison but rather ordered that the Industrial Commission enter an award for the "imprisonment actually served" by the claimant. The time spent by an individual in a county jail awaiting trial for a crime he did not commit is incarceration just as is the time spent serving a sentence in a State prison, and the North Carolina General Assembly meant that this time be included in measuring compensation due. This interpretation is consistent with the fact that every prisoner is given credit for time "spent in commitment prior to the date of judgment" by the North Carolina criminal judgment form in effect at the time of sentencing of claimant, form AOC-CR-301 rev. 3/85. Furthermore, to make a distinction between incarceration in a county jail awaiting trial on a false charge and incarceration in a state prison serving a sentence for conviction on a false charge is violative of the Due Process and Equal Protection Clauses of both the North Carolina and United States Constitutions. Contrary to the majority's characterization of the 2001 statutory amendment to Section 148-84, the legislative intent in adopting this revision was toclarify that persons who have been erroneously convicted are to be compensated for the entire period of imprisonment, including time spent awaiting trial.
The above analysis of the statutory provisions was adopted by another panel of the Commission in I.C. No. EC000003 filed August 1, 2000 and which has not been appealed. In that case, the petitioner was awarded compensation for 170 days he was incarcerated in the county jail. To deny this petitioner the same benefits for a much longer period of incarceration is unfair and unjust and is the type of inequity the 2001 legislative revision sought to prevent.
For the foregoing reasons, I respectfully dissent from the majority in this case.
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER